**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| DONYAL TARVER, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:08-CV-90006 CAR |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:05-CR-64 CAR |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

On August 17, 2005, Indictment was returned in this Court charging Petitioner Tarver with three Counts of Possession With Intent to Distribute cocaine base or crack cocaine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1))B)(iii), and 18 U. S. C. § 2. (Doc. 1). Petitioner Tarver entered into a Plea Agreement with the Government on August 16, 2006 (Doc. 26), and pleaded guilty to Count III of the Indictment in exchange for the dismissal of Counts I and II and other considerations. (Doc. 27). Subsequent to the preparation of a PreSentence Investigation (PSI) report, the Court sentenced Petitioner on January 17, 2007, on Count III to serve a term of 112 months imprisonment and dismissed Counts I and II. (Doc. 36). On January 30, 2007, the Court filed an Amended Judgment, pronouncing the same sentence, as the result of clerical error in the original document. (Doc. 38). Petitioner Tarver did not appeal his conviction and sentence. He did, however, file a timely Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 28, 2008. (Doc. 41). Petitioner's Motion was referred to the undersigned Magistrate

Judge for Report and Recommendation to the sentencing District Judge. (Doc. 44). An Order for Evidentiary Hearing and Appointment of Counsel to assist Petitioner Tarver was issued on February 27, 2008, upon a finding that a factual determination had to be made on certain allegations made in Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government was not ordered to file an Answer to Tarver's Motion prior to the hearing, although a rudimentary Answer in opposition was filed. *See* Doc. 52. Petitioner has injected into the case a procedural issue relative to the Government's Answer to Petitioner's Motion. The parties have wasted far more ink on this "issue" than is deserved, and the same shall be resolved instanter. Petitioner contends that:

> Initially, Mr. Tarver notes that Rule 12 of the *Rules Governing Section 2255 Cases in the United States District Courts* (hereinafter, "the 2255 Rules") maintains that the "Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, **to the extent that they are not inconsistent with any statutory provisions** *or these rules,* **may** be applied to a proceeding under these rules." In which case, Mr. Tarver seeks application of Fed. R.Civ.P. 8(b)(6) with respect to the substance of the government's Answer to his Motion. Rule 8(b)(6) maintains that "an allegation – other than one related to the amount of damages – is admitted **if a responsive pleading is required** and the allegation is not denied. *Id.* Here the government was required to file a responsive pleading by Rule 4(b) of the 2255 Rules, which maintains that if a "motion is not [summarily] dismissed, the judge must order the United States attorney to file and answer, motion, or other response within a fixed time." *Id.* .... The government's Answer did not contain a legal denial of his [Petitioner's] Sixth Amendment claim, and pursuant to Fed. R. Civ. P. 8(b)(6), the missing denial operates as an admission.

(emphasis added). Petitioner does the Court a disservice by not quoting all of the Rule 4(b)

sentence to which he makes reference.   The second sentence of Rule 4(b) of the Rules Governing § 2255 Cases states:

> If the motion is not dismissed, the judge must order the United States  attorney to file an answer, motion, or other response within a fixed time, **or take other action the judge may order.** (emphasis added)

Likewise, Fed. R.Civ.P. 8(b)(6) could not be more inconsistent with a fair reading of Rule 5(a) of the Rules Governing § 2255 Cases, which states, "The respondent is not required to answer the motion unless a judge so orders." The *general* rules of Federal Civil and Criminal Procedure must yield to the *specific* Rules Governing Section 2255 Proceedings For The United States District Courts whenever any inconsistency exists. *See* Rule 12 of the Rules Governing § 2255 Cases.  There is no merit in Petitioner's contentions regarding the Respondent's Answer to his Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

In Petitioner Tarver's Memorandum (Doc. 42) in support of his Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 41), he sets out his three part Ground One Claim.  Tarver claims ineffective assistance of counsel for his plea counsel's failure to investigate and object to prior convictions used to increase his criminal history category, specifically, (1) a May 15, 2000, conviction for driving with suspended license in the Municipal Court of Sandersville, Georgia, Case No. 000512, Petitioner's Exhibit 4; (2) a March 22, 2004, conviction for driving under the influence with suspended

license and speeding in Case No. 04-SR591 in the State Court of Washington County, Georgia, Petitioner's Exhibit 5; and (3) a June 6, 2005, conviction for driving with suspended license in Case No. 009015 in the Municipal Court of Sandersville, Georgia, Petitioner's Exhibit 7.[1]  Tarver contends as to each of these convictions that he was never advised of any right to counsel before imposition of a jail sentence; that he was not represented by counsel; and that he did not knowingly, voluntarily, nor intelligently waive attorney representation. (Doc. 42 at 2, 3). Therefore, he contends, his Sixth Amendment right to the assistance of counsel was violated and his convictions in these cases were obtained in violation of *Gideon v. Wainwright,* 372 U.S. 335 (1963) and its progeny.

The PSI reported that in Case No. 00512, Petitioner's Exhibit 4, that, "Court records reflect that the defendant waived attorney representation." (PSI at ¶¶ 44, 45). At ¶¶ 46, 47 of the PSI, it was reported that, "The defendant waived attorney representation." At ¶¶ 50, 51 of the PSI, it was reported that, "The defendant waived attorney representation."

Petitioner Tarver testified that he had not been represented in Case No. 00512 by counsel and that he had not waived his right to attorney representation. His Exhibit 4, which was admitted by stipulation as evidence in Petitioner's § 2255 Motion hearing, reveals on page two thereof at ¶ V., the he had signed the following waiver, to wit.: "RIGHT TO COUNSEL: DEFENDANT UNDERSTANDS HE OR SHE IS ENTITLED TO REPRESENTATION BY

---

[1] Petitioner Tarver submitted and had admitted each of these convictions at hearing. Likewise, Respondent filed certified copies of documents relating to Petitioner's Exhibit No. 1 (Doc. 58) and moved the court, after the hearing, for an enlargement of the record (Doc. 59) regarding additional documents relating to other of Petitioner's convictions, which motion is herewith granted.

COUNSEL. IF THE DEFENDANT CANNOT AFFORD TO PAY FOR A LAWYER, ONE COULD BE APPOINTED FOR HIM/HER. DEFENDANT HEREBY WAIVES THE RIGHT TO COUNSEL." (DOC. 57 at Exh. 4).

Petitioner's claim of ineffective assistance of counsel as to convictions on March 22, 2004, in the State Court Of Washington County, Georgia for Driving Under the Influence, Speeding, and Driving With Suspended License in Case No. 04-SR591, corresponds entirely too coincidentally to Case Nos. 03SR0260, 03SR0261, and 03SR0263 in that Court, which charged, Driving Under the Influence, Speeding, and Driving With Suspended License as shown in Petitioner's Exhibit No. 5, as well as the sentencing date of March 22, 2004. Moreover, Petitioner Tarver does not dispute the convictions for those offenses in that Court on the exact same date. The confusion of the case numbers, in view of the exact date, charges, and location make any argument that they are not the same of frivolous as to Petitioner's Exhibit No. 5.[2] On page 2 of the citations contained in Petitioner's Exhibit 5, the following statement is made:

> I have been advised of my rights to be represented by counsel and have counsel appointed to represent me if I am indigent; to plead not guilty and be tried by a jury or a judge; confront the witnesses against me; and, not give incriminating evidence against myself. I hereby waive these rights; state that I have not been induced by any threat or promise to enter this plea and do freely and voluntarily enter my plea of Guilty.
> This 27th day of October. 2003.

---

[2]Petitioner's attorney's testimony that he searched the records relative to Petitioner's prior offenses for PSI purposes is made all the more credible by his statement at Doc. 60, p. 11, that," [T]he number that was given to me on that particular case did not match up with Mr. Tarver."

5

This waiver is signed by "Donyal Tarver."  (Doc. 57 at Exh. 5).

Likewise, while Petitioner Tarver testified that he had not been represented in Case No. 009015 by counsel and that he had not waived his right to attorney representation, his Exhibit 7, which was admitted by stipulation as evidence in Petitioner's § 2255 Motion hearing and revealed on page two thereof at ¶ V., contained that, "RIGHT TO COUNSEL: DEFENDANT UNDERSTANDS HE OR SHE IS ENTITLED TO REPRESENTATION BY COUNSEL. IF THAT DEFENDANT CANNOT AFFORD TO PAY FOR A LAWYER, ONE COULD BE APPOINTED FOR HIM/HER. DEFENDANT HEREBY WAIVES THE RIGHT TO COUNSEL."  Petitioner Tarver signed this statement on 6/6/05.  (DOC. 57 at Exh. 7).

Petitioner Tarver's own Exhibits do not support his claims that he was not advised of his right to counsel in these three instances or that he did not voluntarily waive his right to counsel in these cases.  The three criminal history points assessed in the PSI for these three convictions was correct. Petitioner's testimony to the contrary is impeached by the records and his plea counsel.  Therefore, Petitioner's claim that his counsel was ineffective for not investigating and objecting to these convictions on the basis that they were presumptively invalid, in the face of Petitioner's waivers, fails to show that counsel's efforts would have been anything but futile and would have failed to change the outcome of Petitioner's case in any way. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984)*.*  It is also noted that no criminal history  points were assessed as to the convictions represented by Petitioner's Exhibits Nos. 2, 3, or 6. PSI.  Petitioner's  claims of ineffective assistance of counsel for "failure to investigate" and get his criminal history points lowered as to

Petitioner's prior convictions evidenced by his Exhibits 3, 5, and 7, are without merit.

In his Memorandum in Support of his § 2255 Motion (Doc. 42 at 4), Petitioner Tarver contends that:

> The inclusion of the prior convictions in the calculation of the criminal history category, impermissibly increased the total points from four (4) points to nine(9) points. This calculation is based on one (1) point each of the stated convictions (Petitioner's Exhibits 4, 5, 7), and 2 points which was added pursuant to U.S.S.G. § 4A1.1(d) because Tarver was on probation for case number 009015 case, at the time of the instant conviction.

That the first 3 points complained of here were not improperly calculated has already been shown. Petitioner's counsel, however, rather recklessly states that, "Trial counsel, still under direct examination, then admitted that at least five[3] of the criminal history points that were assessed against Mr. Tarver were subject to challenge on the basis of being un-counseled convictions..." (Doc. 62 at 4). Petitioner's Counsel cites to the hearing transcript (Doc. 60 at 23-25). An examination of the transcript reveals the following colloquy:

> Q. Mr. Miller, based on our review of the certified prior records – – certified records of prior convictions, would you agree with me that at least five of the criminal history points assessed against Mr. Tarver were subject to challenge on the basis of un-counseled convictions?
>
> A. I don't know there are five of those, and I wouldn't agree with that.

While there was some discussion as to a two point addition being assessed for

---

[3]The PSI clearly shows by the reference to § 4A1.1(c) that all of the prior convictions listed from ¶ ¶ 40 - 50 were limited to the four point limitation of that U.S.Sentencing Guideline subsection. *See* ¶ 52.

7

consideration of Petitioner's probation status at the time of the commission of the instant offense, plea counsel never *admitted* anything, but that Petitioner's Exhibit's 1, 2, and 3 appeared to be subject to challenge as un-counseled convictions at the time he was being questioned.  Moreover, Petitioner's § 2255 Motion was not directed at a miscalculation of Petitioner's sentences represented by his Exhibits 1, 2, and 3. However, no criminal history points were assessed for the convictions represented by Petitioner's Exhibits 2 and 3, and other evidence established that Petitioner had waived assistance of counsel as to the conviction represented by Petitioner's Exhibit one.  *See* Doc. 60 at 42, 44, and Petitioner's sworn and signed statement attached to Government's Notice of Filing Certified Copies, (Doc. 58-2), the latter containing the following:

> 9.  Yes, I understand that if I exercised my right to a trial by jury, I have a right to be assisted by a lawyer at trial. ....
> 17. I do not want an attorney, and I will represent myself.

There is no merit in Petitioner's claims of ineffective assistance of counsel as to his Convictions represented by Petitioner's Exhibit's 1, 2, or 3.  Petitioner has made no showing of prejudice regarding any action or inaction on the part of his counsel in regard to those convictions or the records thereof.

Petitioner argues that he was not under any probation or criminal justice sentence as envisioned by U.S.S.G. § 4A1.1(d) when he was sentenced by this court for the offense committed on June 1, 2005, as charged in Count III of Petitioner's Indictment.  Petitioner argues that 2 points were improperly added to his Criminal History Computation pursuant to U.S.S.G. § 4A1.1(d) as the result of Petitioner's instant federal offense being committed

while he was "under a criminal justice sentence in Case #009015 in the Municipal Court of Sandersville, Georgia." (PSI ¶ 52). Petitioner is correct in his argument that the 12 month probation which issued from the Municipal Court of Sandersville in Case # 009015 on June 6, 2005 (See PSI at ¶ 50), had not yet come into effect on June 1, 2005, when the instant offense was committed, and nothing to the contrary appears. The Government has shown no basis for the attribution and the two points pursuant to 4A1.1(d) should be removed. However, the removal of the two points will have no effect on Petitioner's Criminal History Computation. According to the Sentencing Table, Chapter Five, Part A,[4] 7, 8, or 9 criminal history points, establish a criminal history category of IV. Cross matching of Petitioner Tarver's Offense Level of 27, which has not changed, with Criminal History IV (for 7 criminal history points) results in the same United States Sentencing Guideline Range of 100- 125 months imprisonment.

Petitioner has presented no basis for his claim of ineffective assistance of counsel. Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984). The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386 (1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have

---

[4]The Sentencing Table, Chapter Five, Part A, was the same in the Guidelines applicable to Petitioner's 2005 offense as it is today.

> been different." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992) The burden of showing ineffective assistance of counsel, which is petitioner's to bear, is and is supposed to be a heavy one.

Petitioner Tarver has failed to show that there was a meritorious claim which his attorney handled deficiently or that there was anything his counsel could have done to change the outcome of Petitioner's case.  He has failed to carry his burden of proof in this case.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 should be dismissed as failing to state a claim upon which this Court could have granted any relief.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 17th day of November 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE