THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | | |
|---|---|---|---|
| **DONYAL TARVER,** | : | | |
| | : | | |
| Petitioner, | : | CASE NO. | 5:08-CV-90006 (CAR) |
| | : | | |
| | : | | 28 U.S.C. § 2255 |
| | : | | |
| | : | CASE NO. | 5:05-CR-64 (CAR) |
| | : | | |
| v. | : | | |
| | : | | |
| **UNITED STATES OF AMERICA,** | : | | |
| | : | | |
| Respondent. | : | | |

### ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 65] that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be dismissed. Petitioner filed the present motion, alleging that his counsel was ineffective in his sentencing. Petitioner contends that his plea attorney erroneously failed to investigate and object to the use of presumptively void convictions used in calculating his criminal history category. According to Petitioner, prior to those convictions, he was never advised of his right to counsel, did not have counsel, and did not knowingly, voluntarily, nor intelligently waive his right to counsel. Petitioner also contends that his counsel was ineffective in allowing additional points to be improperly added to his criminal history because of his probation status.

Following an initial review of the motion, an Order for Evidentiary Hearing and Appointment of Counsel to Assist Petitioner [Doc. 44] was entered by the Magistrate Judge. The

Government was not ordered to respond to the motion, although a rudimentary Answer [Doc. 52] was filed. A full evidentiary hearing was subsequently held by the Magistrate Judge, and the parties were thereafter directed to file post hearing briefs. Petitioner filed a Brief on the Merits [Doc. 62], wherein he additionally raised a procedural attack on the Government's failure to file an proper response to his Motion to Vacate, claiming that the lack of a proper response operates as an admission and that his pleadings must therefore be accepted as true. The Government likewise filed a Post-Hearing brief on the Merits [Doc. 63], and Petitioner thereafter filed a Reply Brief [Doc. 64].

Upon consideration of the evidence presented and the relevant law, the Magistrate Judge found that Petitioner could not support a claim of ineffective assistance of counsel. As an initial matter, the Magistrate Judge found Petitioner's procedural attack on the lack of a proper responsive pleading to be without legal merit. In his Report and Recommendation, the Magistrate Judge explained that, under the specific procedural rules governing Section 2255 proceedings, the judge is not required to order the United States Attorney to respond to the motion and that the Government is not otherwise required to answer the motion unless so ordered by the judge. As to the facts of the case, the Magistrate Judge found that there was evidence suggesting that Petitioner, in fact, waived his right to counsel in the prior cases and that Petitioner failed to raise sufficient evidence in the contrary. With respect to Petitioner's objection about the inclusion of two additional points on his criminal history because of his probation status, the Magistrate Judge found that, while Petitioner was correct that the points were improperly added to his criminal history, the error had no effect on Petitioner's Criminal History Computation. His sentencing guideline range would be the same, even without those two points. The Magistrate Judge thus concluded that Petitioner had no basis for a claim of ineffective assistance of counsel and accordingly issued a Report and Recommended that Petitioner's motion be denied. Petitioner filed a timely Objection to the Recommendation [Doc. 66],

and the Government filed a timely Response [Doc. 67] thereto.

In his Objection, Petitioner challenges both the Magistrate Judge's legal conclusions about the effect of the Government's failure to file a proper answer to his Section 2255 motion, and the Magistrate Judge's findings of fact with respect to whether Petitioner knowingly and voluntarily waived his right to counsel before the prior convictions. Having considered the matter *de novo*, however, this Court agrees with the findings and conclusions of the United States Magistrate Judge and finds Plaintiff's objections to be unpersuasive.

First, this Court agrees with the Magistrate Judge's legal conclusions regarding the effect of the Government's failure to file a specific answer to his motion to vacate. In his Objection, Petitioner asserts that the interplay between the Rules Governing Section 2255 Proceedings and Fed. R. Civ. P. 8(b)(6) allows him to launch a procedural attack in support his motion. According to Petitioner, the Magistrate Judge was required to order the United States Attorney to file some sort of response within a fixed time under Rule 4(b) of the Rules Governing Section 2255 Proceedings and that, under Fed. R. Civ. P. 8(b)(6), the lack of a responsive pleading from the Government acts as an admission, baring dismissal of his motion.

Both Petitioner and the Magistrate Judge agree that this issue turns upon the plain language of Rule 4(b) of the 2255 rules, which provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge ***must*** *order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order*.

R. Governing § 2255 Proceedings for U.S. Dist. Cts. 4(b) (emphasis added). Rule 5(a) further clarifies that the "respondent is not required to answer the motion unless a judge so orders." Thus, apparently, under the Rules Governing Section 2255 Proceedings, a magistrate judge must order the

United States Attorney either (1) to file some-sort a response to the motion or (2) to take some other action, and the United States Attorney is not required to file an answer unless so ordered. Inasmuch, it appears that a magistrate judge has discretion as to whether he orders the Government to file a response or to take other action.

According to Petitioner, however, the inclusion of the word "*must*" in Rule 4(b) is rendered meaningless if a magistrate judge has discretion whether to order the United States Attorney to file an answer within a fixed time. This Court does not read the rule quite as narrowly. As stated above, under the plain language of the rule, a magistrate judge *must* either order the United States Attorney (1) to file some type of response or (2) to take other action. Either way the judge must require that the United States Attorney do something. This reading does not render the word "must" meaningless. In the present case, the Magistrate Judge ordered an evidentiary hearing on the matter. A full evidentiary hearing was subsequently held, and the Government was required to both respond therein and to file a responsive brief thereafter. Some other action of the United States Attorney was thus required. That the Magistrate Judge decided not to require that a responsive pleading be filed is simply not dispositive.

Petitioner's construction of Rule 4(b) is unworkable. Petitioner suggests that Rule 4(b) requires the judge to order a response from the United States Attorney and that the last phrase, "*or to take other action the judge may order*," merely allows the judge to require action in addition to filing the response. This reading is not supported by the plain language of the rule. If Congress intended the rule to both require that a response be ordered and allow the court to *also* order other action in addition thereto, it would have said so. The plain meaning of the rule is not ambiguous, and thus, the Court's reading of the Rule, above, is superior. See U.S. v. Griffith, 455 F.3d 1339, 1341 (11th Cir. 2006) ("In interpreting a statute we look first to the plain meaning of its words.");

Consol. Bank, N.A., Hialeah, Fla. v. United States Dept. of Treasury, 118 F.3d 1461, 1463-64 (11th Cir.1997) ("We are required to look beyond the plain language of the statute only when the language of the statute is unclear or ambiguous, when Congress clearly has expressed an intent contrary to that suggested by the plain language, or when absurd results would ensue from adopting the plain language interpretation.").

Moreover, as noted by the Magistrate Judge, Petitioner's proposed application of Fed. R. Civ P. 8 (b)(6) to the present case could not be more inconsistent with the specific rules governing Section 2255 proceedings. Rule 8(b)(6) provides:

> ***Effect of Failing to Deny***. An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Petitioner contends that a response was required in this case and thus, under Rule 8(b)(6), the lack of a response from the Government acted as an admission. Certainly, Rule 8 cannot have such an effect in the present case. The more specific 2255 rule, Rule 5(b), clearly provides that the "respondent is not required to answer the motion unless a judge so orders." So, it would not make sense to penalize the Government in this way when no response was ordered. The lack of a responsive pleading was not a result of some procedural error by the Government. A response was never ordered and thus it was never required. Furthermore, as discussed above, Rule 4(b) itself does not require that a responsive pleading be filed. Thus, even if Fed. R. Civ P. 8 (b)(6) was applied in this case, the second part of the rule would be more applicable, i.e., "If a responsive pleading is not required, an allegation is considered denied or avoided." Either way, Petitioner's objections fail. This Court thus agrees with the Magistrate Judge's legal conclusions in this case.

The Court likewise agrees that there was sufficient evidence to support the Magistrate Judge's factual findings of a waiver of counsel with respect to Petitioner's prior convictions. More

importantly, there is an absence of evidence in the record to the contrary. In his Objection, Petitioner even acknowledges, for example, that one document showed that Petitioner was advised that "*if he chose to exercise his right to have a jury trial, then he would have a right to be assisted by a lawyer at that trial*," and that on both that document and another document an "x" had been marked next to the phrase "*I do not want an attorney*." The Magistrate Judge also relied on documents wherein the Petitioner had signed waivers stating:

> *I have been advised of my rights to be represented by counsel and have counsel appointed to represent me if I am indigent; to plead not guilty and be tried by a jury or a judge; confront the witnesses against me; and, not give incriminating evidence against myself. I hereby waive these rights; state that I have not been induced by any threat or promise to enter this plea and do freely and voluntarily enter my plea of Guilty.*

or

> "*RIGHT TO COUNSEL: DEFENDANT UNDERSTANDS HE OR SHE IS ENTITLED TO REPRESENTATION BY COUNSEL. IF THE DEFENDANT CANNOT AFFORD TO PAY FOR A LAWYER, ONE COULD BE APPOINTED FOR HIM/HER. DEFENDANT HEREBY WAIVES THE RIGHT TO COUNSEL.*"

One of these express waivers directly contradicted Petitioner's testimony that he had not waived his right to attorney representation. Petitioner was thus contradicted by his own evidence at the hearing.

In his Objection, Petitioner argues that this evidence does not prove that the waivers were valid and that additional development of the record is necessary for the Court to determine whether the admitted waivers were both "knowing and voluntary." Clearly, however, "[t]he burden of proof as to these allegations . . . fall on the 2255 petitioner." Powers v. U.S., 446 F.2d 22 (5th Cir. 1971). It was Petitioner's burden to show that any waiver was not knowing and voluntary, and, as the Government appropriately points out in its Response, no one infringed upon Petitioner's opportunity to develop the facts as he pleased at the evidentiary hearing. He simply failed to meet his burden, and like the Magistrate Judge, this Court finds that, based on the evidence presented, Petitioner failed to demonstrate a basis for a claim of constitutionally ineffective assistance of counsel at his

sentencing. Petitioner did not show either that his plea counsel's representation fell below an objective standard of reasonableness or that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The United State's Magistrate Judge's Recommendation is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**; Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is hereby **DISMISSED**.

**SO ORDERED**, this 8th day of January, 2009.

                                            S/ C. Ashley Royal
                                            C. ASHLEY ROYAL
                                            UNITED STATES DISTRICT JUDGE

jlr